No. 711.—PIERRE H. LEFEVRE *v.* EVELINA HAYDEL et al.

An appeal will not be dismissed on the ground that the record was not filed on or before the return day, when it is shown that there was no term of the court held at the time fixed, provided it was filed on the first day of the first meeting of the court after the appeal was taken.

A mortgage given by an heir on her individual property to secure her one-fifth interest in an annuity created by her father for the purchase of a lot of slaves, of which she inherited the one-fifth, is an accessory to the principal obligation, to wit, the price of slaves, and cannot be enforced. Wainwright *v.* Bridges, 19 An. 234; Constitution, article 128.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Gates, J. J. G. Oliver,* for plaintiff and appellee. *F. Fuselier,* for defendants and appellants.

TALIAFERRO, J. The plaintiff and appellee moves the court to dismiss this appeal on the grounds—

*First*—That the transcript of record was not filed in the Supreme Court on the return day of the appeal, nor within three judicial days thereafter.

*Second*—That the surety on the appeal bond is not solvent.

The order of appeal was granted on the eighteenth of May, 1867, and the transcript of appeal was filed on the first Monday of September, 1869—being the first day of the term.

There was no term of the Supreme Court held at Opelousas for the years 1867 and 1868. This ground is therefore not tenable. 18 L. 374.

The second ground is also untenable. See the case of Gray *v.* Lone, 9 An. page 478.

The motion to dismiss is therefore overruled.

On the twelfth of October, 1850, P. H. Lefevre sold to George Haydel twenty-four slaves for the consideration of six hundred dollars, to be paid annually during the natural life of the vendor, with the reservation of a mortgage on the slaves sold.

Evelina Haydel, heir for one-fifth part of the estate of her father, George Haydel, the original vendee, then deceased, executed a mortgage in favor of Lefevre on her own estate called *Corantin*, to secure the payment of her own fifth part of the life annuity due to Lefevre, principal and interest being one hundred and twenty dollars, due by her for her annual share of the life annuity due by her father, G. Haydel, to Lefevre. Subsequent to the execution of this mortgage, Evelina Haydel, the mortgager, sold the mortgaged premises to her sister, Annette Haydel. This suit is brought against Evelina Haydel *in personam*, for nine hundred and sixty dollars and interest, being her share of said annuity for eight years at one hundred and twenty dollars per year from the first of March, 1860, and against Annette Haydel in the form of the hypothecary action.

There was a declinatory exception in the record filed on the part of Evelina Haydel, alleging her residence to be in the parish of Terrebonne. We do not deem it important to consider this exception. Both defendants filed peremptory exceptions setting forth that the plaintiff had no cause of action, and Annette Haydel filed an answer alleging that the consideration of the contract sued upon was the price of slaves.

Judgment was rendered in favor of the plaintiff and defendants appeal.

The act executed by Evelina Haydel does not purport in any manner to alter or modify the original contract of annuity. On the contrary, it studiously refers to it as being the contract under which the party is bound. It shows no other interest than to secure the obligation already existing by a new and additional mortgage on her own property. It is an accessory obligation to the principal one, which it recognizes and confirms.

The consideration then being a proportional amount of the original consideration, which was the price of slaves, the contract cannot be enforced. Wainwright *v.* Bridges, 19 An. 234; State Constitution, article 128.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that this suit be dismissed at plaintiff's costs.